### No. 132
### WOLOVECK v. TAYLOR

Ohio Court of Appeals, Summit County
No. 585. Dec. 19, 1922

FORFEITURE—(1) Forfeiture not favored—(2) Petition asking cancellation of contract asks relief against forfeiture—(3) Forfeiture non-enforceable unless good title can be given—(4) "Liquidated damages" construed as penalty—(5) Sale in equity.

WASHBURN, P. J.

Epitomized Opinion

Error to Summit Court of Common Pleas

Schueler contracted to sell certain land to Woloveck by which contract Woloveck took possession of the land and agreed to pay the sum of $80,000, payment to be made in certain specified installments. The contract provided that upon failure of Woloveck to pay properly the installments the whole amount should become due and payable at the option of Schueler. The contract also provided that in case of default by Woloveck it should be lawful for Schueler to re-enter the premises without notice to Woloveck, consider the contract void and dispose of the property as he chose and retain as liquidated damages for non-performance all the payments made. Woloveck, after paying $8,300, as specified, became delinquent to the extent of $2,900, and suit was brought January 19, 1921, by Schueler to restrain Woloveck from use of the property, to declare the contract terminated and to quiet title in Schueler. Woloveck alleged in his answer that Schueler had represented the land to be free from all incumbrances whereas it appears that one Ella Richards has a life estate in a one-third interest in the property and that the default for which forfeiture is attempted to be enforced was made while said Richards was asserting her rights in court. The contract was strictly enforced in Common Pleas Court and comes to this court on error.
held:
1. Forfeitures are not favored in law or in equity and particularly not when vendee has a valid defence for default for which forfeiture was declared.
2. A petition which prays for cancellation of contract and a proper accounting may be construed as praying for relief against forfeiture.
3. A vendor cannot enforce his forfeiture against vendee unless he could have conveyed a good title to the land for the non-payment of which the forfeiture was declared.
3. Although a contract provides that a penalty shall be considered as liquidated damages if the

# Weekly Advance Abstract Opinions
## CURRENT OHIO COURT of APPEALS CASES

damages are grossly disproportionate equity will construe it as a penalty.

4. Equity will not forfeit, but will order sale from which seller should first be paid balance due.

Judgment of Common Pleas reversed, and cause remanded.

Attorneys—Burch, Bacon & Denlinger, for Woloveck; Musser, Kimber & Huffman, for Schueler.